UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL DESHAWN DAVIS, #245064,

        Plaintiff,

                              CASE NO. 2:06-CV-15173
v.                               HONORABLE LAWRENCE P. ZATKOFF

JOSE R. FANEGO,

        Defendant.
_____/

## OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

### I. Introduction

Darnell DeShawn Davis ("Plaintiff"), a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that Jose R. Fanego ("Defendant"), his criminal defense attorney, failed to provide him with proper legal representation in his state criminal proceedings and committed "legal malpractice." Plaintiff seeks monetary damages and injunctive relief. Having reviewed the complaint, the Court dismisses it as frivolous and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court also concludes that an appeal cannot be taken in good faith.

### II. Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service

1

on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).

To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

As noted, Plaintiff alleges that Defendant failed to provide him with proper legal representation during his state criminal proceedings.  Defendant, a criminal defense lawyer, is not subject to suit under § 1983 since he is not a state actor.  *See, e.g., Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").  Accordingly, Plaintiff's civil rights complaint against Defendant must be dismissed.

Additionally, to the extent that Plaintiff is challenging his criminal conviction, he also fails to state a claim for relief.  A claim under § 1983 is an appropriate remedy for a prisoner challenging a condition of his imprisonment.  *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  In this instance, Plaintiff is seeking habeas corpus relief inasmuch as his "legal malpractice" claims address the validity of his confinement.  Such claims are not properly brought under 42 U.S.C. § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a

cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the prisoner. *Id.* at 487-89. Plaintiff has not shown that his conviction has been reversed on appeal or otherwise declared invalid. His complaint is thus subject to dismissal on this basis as well.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and that his civil rights complaint must be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 13, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 13, 2006.

                                                  s/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290